UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

YESENIA CAMARILLO,

    Plaintiff,

    v.

AMERICAN HOME MORTGAGE SERVICING, INC., et al.,

    Defendants.
_____/

No. C 12-6331 PJH

**ORDER GRANTING MOTION TO DISMISS**

Defendants' motion to dismiss the complaint for failure to state a claim came on for hearing before this court on March 13, 2013. Plaintiff Yesenia Camarillo, who is represented by counsel, appeared on her own behalf; counsel did not appear, and did not file a written opposition to the motion. Defendants American Home Mortgage Servicing, Inc. (now known Homeward Residential, Inc.) and Power Default Services, Inc. appeared by their counsel Ronald M. Arlas.

Having read the complaint and having also read the defendants' papers and carefully considered their arguments, the court hereby GRANTS the motion as follows for the reasons stated at the hearing.

As an initial matter, the complaint fails to plead facts showing which defendant is alleged to have done what.

With regard to the first cause of action for wrongful foreclosure, which is predicated on an alleged violation of Civil Code § 2923.6, the court notes that there is no private right of action under § 2923.6. See Pantoja v. Countrywide Home Loans, Inc., 640 F.Supp. 2d

1177, 1188 (N.D. Cal. 2009). To the extent that plaintiff intended to allege a violation of Civil Code § 2923.5 (the notice of default statute), the only remedy available under that statute is more time to respond to a notice of default, and thus, if the foreclosure sale has already gone through, any such cause of action becomes moot. Mabry v. Superior Court, 185 Cal. App. 4th 208, 218 (2010). The claim also fails for lack of tender, because while plaintiff alleges that she was prepared to tender what she owes, she did not (and evidently could not) prior to the nonjudicial foreclosure sale.

With regard to the second cause of action for negligent misrepresentation, the complaint fails to plead this claim with particularity as required by Federal Rule of Civil Procedure 9(b). In particular, plaintiff alleges no specific misrepresentations by either of the defendants in this case, and fails to allege any basis for any duty that was owed to her by either defendant. To the extent that she is asserting that she relied on statements concerning a possible loan modification, a lender does not owe a borrower a loan modification. See Pantoja, 640 F.Supp. 2d at 1188; see also Morgan v. US Bank Nat. Assn, 2013 WL 684932 at *3 (N.D. Cal. Feb. 25, 2013). Absent a specific contract between the parties, plaintiff cannot satisfy the first element of the negligent misrepresentation cause of action – that the defendant made a misrepresentation about a past or existing material fact.

With regard to the third cause of action for breach of the implied covenant, plaintiff fails to allege any actionable contract that could support a contract-based cause of action; nor does she allege any "special relationship" with "fiduciary characteristics" that could support a tort-based cause of action. See Smith v. City and County of San Francisco, 225 Cal. App. 3d 38, 49 (1990); see also Spencer v. DHI Mortgage Co., Ltd., 642 F.Supp. 2d 1153, 1165 (E.D. Cal. 2009) (setting out and comparing the two theories of recovery under a cause of action for breach of the implied covenant).

With regard to the fourth cause of action under the "fraud" prong of California Business & Professions Code § 17200, this claim must be dismissed because it is not pled in conformance with Rule 9(b), as plaintiff has not alleged the time, place, or specific

content of the alleged false representations, or the identities of the parties to the alleged misrepresentations (the who, what, when, where, and why), and has not alleged any facts as to any specific defendant.  In addition, under Business & Professions Code § 17204, a plaintiff alleging a UCL claim is required to allege that she has suffered injury-in-fact and has lost money or property as a result of the unfair competition.  Plaintiff has not done so here, and likely cannot do so, because any harm she suffered was self-inflicted, based on her failure to keep up with the loan payments.

The dismissal is with leave to amend to allege facts sufficient to state a claim, and to correct the deficiencies described above.  Any amended complaint must be filed no later than April 24, 2013.  If the amended complaint is not filed by that date, the case will be dismissed with prejudice.  No further continuances will be granted.  In addition, no new claims or parties may be added unless plaintiff first obtains leave of court.

Finally, regardless of whether plaintiff locates new counsel or intends to represent herself, she must file a notice of substitution of counsel with the clerk's office before the amended complaint is filed.

**IT IS SO ORDERED.**

Dated: March 13, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge